FILED
JAN 13 2017 EW
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
TM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNETTE ELMORE, ) | Case No.: 1:15-CV-00224 |
| Plaintiff, ) | Judge: Sara L. Ellis |
| vs. ) | **MOTION** |
| CITY OF CHICAGO, BOARD OF ) | **PLAINTIFF'S RE- NOTICED** |
| EDUCATION, a municipal corporation, and ) | For A |
| body politic, et al., ) | **DEFAULT JUDGMENT** |
| Defendants. ) | Against Defendants |
| ) | Pursuant to Fed.R.Civ.P 55(a)(b)(2), NDIL Local Rule 83.15, With Supporting Legal Documents |

**COMES NOW** the Plaintiff, Annette Elmore hereafter, ("Plaintiff") against the City of Chicago, Board of Education, et al., a municipal corporation, a body politic, hereafter, ("Board") pursuant to Federal Rule of Civil Procedure 55(b)(2), in her "Re-Noticed Motion," asking that this Court grant Plaintiff her default judgment against defendants Board for having failed to appear and otherwise plead against Plaintiff's Title VII 1964 "Prima Facie" and AEDA Complaint for race and age discrimination in the workplace properly re-filed in the U.S. District Court Central Division on January 5, 2015 before U.S. District Court Judge Michael M. Mihm under Civil Action 1:15-CV-1005. See U.S.C.A. §1390(a) 1406(b). The Service of Process Board--Summons and Complaint was hand-delivered by Plaintiff's non-party server on June 1, 2015.[1] (Civil Action 1005 Entry Doc. #5) See Exhibit A filed. The Defendants had twenty-one days (21) or until **June 22, 2015** to appear and plead against Plaintiff's Complaint—to date,

---

[1] Judd v. F.C.C., 276 F.R.D. 1 (2011), "… default my be entered upon a defendant's failure to plead or otherwise defend, a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint. Fed.RulesCiv.ProcRule 55, 28 U.S.C.A.

Defendants have never appeared in this lawsuit, nor have they plead against Plaintiff's Complaint. (Civil Action 1005 Doc. Entry #5 June 10, 2015). See Exhibit B filed.

## PURSUANT TO ILND LR 83.15

## THIS COURT HAD NO JURISDICTION OVER PARTIES

## 'PRIOR' TO DECEMBER 13, 2016

This Court needs to acknowledge that it did not have any "jurisdiction" over the Plaintiff nor the Defendant in this Case until December 13, 2016. Plaintiff factually states the U.S. District Court for the Northern District of Illinois Local Rule 83.15 requires both parties to file an 'appearance' before they can be heard before any judge in the ILND Court. Neither Plaintiff nor Defendant completed, or officially filed appearance forms pursuant to LR 83.15 therefore, this Court was "Improper" to send any communications ("Minute Entries") to the Plaintiff regarding its alleged "jurisdiction" over her citing Rule 4(m) on May 28, 2015.

## NORTHERN DISTRICT'S LOCAL RULE 83.15

"Unless the parties officially completed appearance forms pursuant to LR 81.15 to be heard before this litigation at issue, this Court was in violation of LR 83.15 to send Plaintiff any Minute entries providing any sort of instruction to Plaintiff regarding Process Service to Defendant. This Court took a illegal liberty when it sent Plaintiff a 'minute entry' ordering her to effect, "Service of Process" upon the Defendants—This Court 'pre' December 13, 2016 according to the ILND Local Rule 83.15 could not and should not have made any attempt to, "Prevent Plaintiff from entering a default judgment against the Defendants," by attempting to send Plaintiff a "Minute Entry" ordering Plaintiff to serve anything to the Defendants.

Plaintiff factually contends that this Court is fully aware that it had no jurisdiction over the Parties from January 5, 2015 to December 12, 2016 in that there has never been any "final

order," by this Court "Pre" December 13, 2016. Additionally, this Court "Notification of Docket Entry," is made by Ms. Rhonda Johnson, this Court's Deputy Clerk: *"Plaintiff failed to effectuate service for the reasons stated in the Court's prior order of [Doc. #9 6/23/2015)."* See Exhibit #2.

## THIS COURT'S DENIAL DOES IS NON-APPLICABLE

It is clear to the Plaintiff that this Court has engaged in an illicit procedure by attempting to provide an "Minute Entry" text on a case this Court had absolutely no jurisdiction over—it had no jurisdiction over either Party: On May 28, 2015 See (ECF No. 5-1:15-CV-00224) *"**MINUTE** entry before the Honorable Sara L. Ellis: Pursuant to Federal Rule of Civil Procedure 4(m), the time to serve Defendants expired on May 5, 2015. Plaintiff has not filed proof of service to demonstrate that Defendants were served by this date. The Court gives Plaintiff until June 4, 2015 to file such proof of service. If Plaintiff does not file proof of service by June 4, 2015, the case will be dismissed without prejudice to Federal Rule of Civil Procedure 4(m). Mailed Notice (rj,) (Entered: 05/28/2015.")* See Exhibit #3. Plaintiff states to this Court, "a proof of service," is the "Affidavit attesting that proof of Service —it is the Summons along with the Complaint of the Plaintiff. Plaintiff's Summons and Complaint were served upon Defendants on June 1, 2015. Plaintiff's filings of that proof were submitted to this Court on December 13, 2016—also filed with the Clerk for the ILND, Thomas Bruton.

This Court could not 'order' nor should this Court have entered and directed any minute entry toward Plaintiff to do anything toward the Defendants —this Court's alleged Minute Entry is in violation of ILND Local Rule 83.15. This Court needs to note that even though it had no jurisdiction over the Plaintiff or Defendants—Plaintiff had Defendants served June 1, 2015 and Proof of Service (Affidavit) went to the ILCD via email (new case initiation) on June 3, 2015

(thus satisfying FRCP 4(m). This Court's behavior is an attempt to take advantage of the Plaintiff, a pro se litigant, and to assist Defendants who Plaintiff has proven in her prior lawsuit (1:12-CV-07531) that Court is a former Lawyer for the City of Chicago Department of Law along with Patricia J. Kendall— City of Chicago, Board of Education Counsel of Record, whom Plaintiff reminds this Court did not withdraw from this litigation in violation of the Federal Rules of Civil Procedure.

<u>For reasons outlined in Local Rule 83.15 the ILND forbids any Judge in its Court to attempt to preside over any lawsuit in which the Parties have not made official appearances pursuant to its Local Rule.</u>  If this Court had such jurisdiction over the Plaintiff and Defendants in this Federal litigation, "why did this Court not supply a written signed order **"BEFORE"** December 13, 2016?" There was never any signed Order on the Civil Docket and Plaintiff nor did Defendants receive such a signed order reflecting such an order of "dismissal" by this Court. This Court certainly cannot make a *[p]ost* attempt to do so."

**Plaintiff further propounds:** "Even though She knows this Court had absolutely no jurisdiction over either party *before* December 13, 2016, Plaintiff in order to take any argument from the Defendants had Defendants served on June 1, 2015 with the U.S. Central Division's Federal Summons and Plaintiff's Complaint; She also filed the Proof of service filed on June 3, 2015 via email to the Clerk of the Central Division, Kenneth Wells –who has acknowledge receiving Plaintiff's email that contained Plaintiff's Proof of Service Affidavit on Civil Action 1:15-CV-1005. According to case law authorities, Defendants are officially responsible to answer a summons and complaint served upon them "even if a plaintiff has not submitted the proof of service affidavit to a court for filing. <u>See</u> Plaintiff's previous case law authorities cited.

Even though Judge Mihm claimed transfer of Plaintiff's case to ILND under 1:15-CV-00224 neither Plaintiff nor Defendant made any official appearance pursuant to ILND'S LR 83.15. Judge Michael Mihm gave, **"TEXT ORDERS"** after claiming he had a right (Sua sponte) to transfer Plaintiff's case without any motion by Defendants pursuant to the Fed.R.Civ.P. Even after Judge Mihm's alleged, "Sua sponte," ***this Court*** still had no jurisdiction over Plaintiff and Defendant. Judge Mihm's order entries prove such: 1. *"SUMMONS Returned Executed by Annette Elmore. City Served on 6/1/2015, answer due 6/22/2015."* See (ECF No. 5). 2. *"If Plaintiff wants to pursue this Motion (Default), she must re-file it in the Northern District of Illinois case. Entered by Judge Michael M. Mihm on 6/30/2016."* See (ECF No. 7). 3. *"Email messages received by Clerk's office on **6/3/2015** sent by pro se plaintiff Annette Elmore."* See (ECF No. 7). ***The 'message' was a copy of the Proof of Service Affidavit completed by Plaintiff's non-party server already filed in the ILND Clerk's Office on December 13, 2016.***

### DEFENDANTS AND PLAINTIFF'S CERTIFIED MAILING OF DEFAULT

On December 13, 2016 Board was sent copies of the following documents via USPS Certified Mail tracking, **# 70151730000115250293** a copy of Plaintiff's certified mail receipt is attached. See Exhibit #1. Plaintiff has contacted the USPS telling Post Office that 'Board' has a very bad habit of telling someone at the 'downtown and Chinatown' Post Offices to, "hold up Plaintiff's Certified Mail---keep tracking information marked "in transit" and do not return the green proof of mal receipt. Board has factually tampered and interfered with Plaintiff's mailings to them—there have been several instances where Plaintiff has emailed several complaints to the USPS Complaint Department on line only to have the same thing take place. As of December 21, 2016 there has been no updated tracking information regarding Plaintiff's mailing of: 1).

Motion for Entry of Default Judgment filed December 13, 2016. 2). Plaintiff's sworn Affidavit In Support of Request for Entry of Default filed December 13, 2016. 3). Proposed Default Judgment form to Clerk of the U.S. District Court, Northern Illinois, Thomas G. Bruton. 4). Clerk letter of 1/12/2015 pursuant to LR 83.15. 5). U.S. District Court (Peoria, IL) Civil Docket for 1:15-CV-1005 pages 1-3. 6). Summons from U.S. District Court (Peoria, IL) with affixed signature of Clerk of the U.S. District Court Kenneth A. Wells January 5, 2015. 7). Proof of Service on Civil Action 1:15:CV-1005 6/1/2015 by Plaintiff's non-party server. 8.) Acknowledgment of Service of Summons Complaint and Proof of Service to Defendant's Counsel RE: Case 15-1005 Dated June 1, 2015 date stamped by City of Chicago, Board of Education Department of Law. 9). Email from Plaintiff to Clerk in Peoria, IL (under new case initiation) Plaintiff's pdf. Submission of the Proof of Service to Defendants on June 3, 2015 at 7:13PM. These are the documents Board is now trying to 'pretend' they have not received via USPS Certified mail from Plaintiff mailed December 13, 2016.

Plaintiff has received USPS Certified Mail green Receipt card for 2nd mailing of Plaintiff's filed documents to Defendants USPS tracking #9590940215685362913047. See Exhibit #1 filed.

### PART TWO OF PLAINTIFF'S SUBMISSIONS BEFORE THIS COURT

In keeping with the Second step of the Default Process in the ILND Court, Plaintiff will be once again sending Defendants Board a USPS Certified Copy of all previous filed documents that were mailed Certified December 13, 2016; Plaintiff will also be sending the following to Board: 1. Plaintiffs filed Motion of Default Judgment before this Court 2. Notice of Motion and presentment of that Motion (the date of the hearing is scheduled seven days out---Defendants in other words has seven days sufficient before the hearing takes place these documents will be

sent, under USPS Tracking # 70151730000115250309 and also, regular First Class mail to Board's Law Department address: 1 North Dearborn Ste #900, Chicago, IL 60602 as indicated by court procedure for default motions.

## JURISDICTION WAS NEVER CHALLENGED BY DEFENDANTS
## PURSUANT TO THE U.S. CODE AND FEDERAL RULE

*"Nothing in this chapter (28 U.S.C. Cure or Waiver of Defects) shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."* See 28 U.S.C. §1406(b). See also, 28 U.S.C. §1391(a)(1)(1)(b)(1)(2). The Defendants did not make an appearance in the U.S. Central District (Peoria, Illinois) as same are residents of the State of Illinois pursuant to 28 1391(a)(1)(1)(b)(1)(2). Jurisdiction of a court is determined by a defendants 'State' not residency—not municipal boundaries as indicated by Judge Michael M. Mihm—Therefore Plaintiff's states Judge Mihm's 'sua sponte' was improper against the Plaintiff. See Exhibit C filed.

Additionally, Defendants violated Federal Rule of Civil Procedure 12(1)(A)(i)(B)4(b)(1)(3) in that Defendants did not file an appearance before the U.S. District Court Central Division nor did they place a motion challenging Plaintiff's right to venue as being 'improper' in the U.S. District Court Central Division.

## THE NORTHERN DISTRICT'S
## LOCAL RULE ON APPEARANCE BEFORE THE COURT

The Defendants pursuant to Eastern Division's Local Rule 83.15 and 83.16 have failed to also appear and/or otherwise plead before this Court in Civil Action 1:15-CV-00224 Eastern Local Rule states: *"Local Rule 83.15 of this Court require that as appearance form be filed by an attorney who intends to represent a party in any proceeding before this court."* U.S. District

Court Clerk Thomas G. Bruton mailed Rule 83 Transfer In Letter to Defendants—In Letter entered on January 12, 2015. Plaintiff has filed her appearance on December 13, 2016. See Exhibits D-E filed.

More than twenty-one (21) days have elapsed since defendants in this litigation were served---Defendants have even before this tribunal failed to make an official appearance pursuant to LR 83.15 and LR 83.16 as well as failed to otherwise plead or defend as provided by Rule 12(1)(A)(i)(B)4(b)(1)(3) of the Federal Rules of Civil Procedure.

### FEDERAL CASE LAW PRECEDENT AND PROOF OF SERVICE

The Plaintiff 'timely' had served both summons and Complaint upon the Defendants. Defendants have never stated otherwise as they have never filed an appearance in Plaintiff's lawsuit. Furthermore A defendant in a lawsuit is legally responsible for answering the Summons and Complaint served upon them even [i]f the 'proof of service' is not timely in a court.

### REVELANT PORTIONS OF PLAINTIFF'S LAWSUIT WERE SERVED UPON THE DEFENDANTS

Relevant case law leaves no argument that the 'relevant' portions of a litigation that Plaintiff is responsible to have served upon the defendant are the Summons of the Court and the Complaint of the Defendant. On June 1, 2015 Plaintiff's non-party server personally hand-delivered both Summons and Complaint from the U.S. District Court Central Division (where lawsuit was filed) upon Defendants City of Chicago, Board of Education et al. Completed Process Service indicated Defendants had twenty-one days (21) or until June 22, 2015 to answer Plaintiff's Complaint—they did not appear, answer, or otherwise plead. See Mann v. Castiel, 681 F. 3d 368; Bartlette v. Hyatt Regency F. Supp. 3d---- (2016); Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir. 1987), therefore, the Defendants are in default of the lawsuit.

### CENTRAL DIVISION NEW CASE INITIATION PROCEDURES

Pursuant to Central Division Local Rules 5.5 B (1) and 5.7 B (1)(a), (Proof of Service in .pdf format), was accepted and filed by the Central Division through its email acceptance for

new case initiation. Clerk's Office received Plaintiff's "proof of service" filing on June 3, 2015. See Exhibit #3 (filed), Civil Action 1005-ECF No. 8. A hard copy of proof of service was also sent to Clerk of Central Division on June 5, 2015 as indicated in Plaintiff's email via USPS mail See Exhibit #4 filed. Therefore, Plaintiff's proof of service was proper and timely against Board. The Board, nor can this Court claim untimely "proof of service," if Plaintiff had not submitted to Clerk of the Court for filing:

*"A defendant must answer the complaint within 21 days after being served, even if the plaintiff fails timely to prove service by filing a server's affidavit or files defective proof of service, for the district court may permit proof of service to be amended."* Fed.Rules Civ. Proc. Rules 4(l)(3), 12(a)(1)(A), 28 U.S.C.A. See *Mann v. Castiel, 681 f.3d 368 (2012)*. Additionally Mann states, *"Although the district court cannot be assured that it has jurisdiction over a defendant until the plaintiff files proof of service, the defendant(s) becomes a party 'officially,' and is required to take action in that capacity, upon service (of Summons and Complaint) pursuant to, Fed.Rules Civ.Proc.Rule 4(l) (1), 28 U.S.C.A.*

## THIS COURT DID NOT HAVE JURISDICTION OVER PARTIES

Pursuant to Eastern Division's Local Rule 83.15 this Court did not have jurisdiction over either Party, "The purpose of this letter is to inform you that the Local Rule 83.15 of this Court require that an appearance form be filed by an attorney who intends to represent a party in any proceeding before this Court."

The Eastern Division LR 83.15 and 83.16 makes it clear: *"Local Rule 83.15 of this Court require that as appearance form be filed by an attorney who intends to represent a party in any proceeding before this court."* No Judge (in the ILND) has personal jurisdiction over any party **who has not filed an appearance** with the Clerk's office "who intends to represent a party in any proceeding before this court.") Therefore when a (Judge) cannot make minute entries, nor 'seek to enforce them; nor can any judge write orders in favor of or against any party who has not officially filed its appearance before a court giving permission for Court to have personal jurisdiction over the party when the Local Rules of the court in question forbid a judge from

engaging in such activity. For any judicial officer to promote or engage in such actions speaks to potential illicit motive(s) with the intent to assist in many cases the defending party, and prejudice the opposing party—Vis, in this litigation, the Plaintiff.

This Court has personal jurisdiction over the Defendants by way of Plaintiff's filed proof of service; this Court must note for the record Defendant City's lack of appearance in this litigation before Judge Mihm and before this Court *speaks volumes* of Defendants not wanting to be involved in this lawsuit—no voluntary appearance was ever filed by Defendant Board in the Central and Northern Divisions of the U.S. District in Illinois.

### **PREVIOUS MINUTE ENTRIES OF COURT ARE MOOT**

A Court cannot attempt to grant a win to a defendant who never appears or pleads in a lawsuit. A Defendant cannot win a case they have never participated in pursuant to Fed.Rules of Civ. P and Local Rules Civ. P. *"...Defenses of insufficiency of service of process and lack of jurisdiction over the person were waived by failure to file any motions or responsive pleadings,"* pursuant to, Fed.Rules Civ. Proc. Rules 4(d), 12(h)(1)(B), 28 U.S.C.A. See Cargill, Inc. v. S.S. Nasugbu, 404 F. Supp. 342 (1975).

As in Plaintiff's lawsuit, Board has never made an appearance, in the U.S. District Courts for ILCD nor the ILND; Defendant Board has failed to appear or otherwise plead in this litigation therefore a judgment by default is warranted against them.

### **CONCLUSION**

**Wherefore,** Plaintiff Annette Elmore has re-noticed her motion and thus so moves this Court to adhere to Federal and Local Rules of this Court and the Central Division (Peoria, IL) pursuant to, 5.5 B (1) and 5.7 B (1)(a), and: 1. Order the Clerk of the Court to His default judgment against the Defendants as Plaintiff has filed the necessary documents for Clerk's default on December 13, 2016 and December 22, 2016. 2. That this Court also grant Plaintiff a default judgment in the amount of $12.5 million dollars against City of Chicago, Board of Education and its Officers for violations of Title VII of the Civil Rights Act of 1964 and the Age in Employment Discrimination Act of (AEDA)1967 against Plaintiff due to her race (African-

American) and age (Past age 40 at the time of this lawsuit)—identified in Plaintiff's Prima Facie Complaint citing McDonnell Douglas v. Green 1973—which Board refused to participate in this legal action against them--including costs, legal fees, compensatory, non-compensatory future compensatory, pecuniary and non-pecuniary, and future pecuniary damages outlined in her lawsuit including interest on the judgment at the legal rate until the judgment is satisfied immediately—without further delay on <u>January 19, 2017 at 9:30AM.</u>

Dated this 11TH Day of January 2017

*Annette Elmore*
Annette Elmore
Plaintiff, Pro Se

Exhibits 1-3 attached

Annette Elmore
3445 S. Rhodes Avenue #400
Chicago, IL 60616
312-593-8360 (leave message)

Copy of 2nd USPS Certified Receipt attached.

Certificate of Service attached.



Sender: Please print your name, address, and ZIP+4® in this box•

Annette Elmore
3445 S. Rhodes Ave #400
Chicago, IL 60616

Elmore V. City of Chicago, Bd. of Ed.
Civil Action: 1:15-CV-00224

Exh-1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Chicago, Bd. of Ed.
Dept. of Law
ATTN: Ronald L. Marmer - Gen. Counsel
1 N. Dearborn St #900
Chicago, IL 60602

9590 9402 1568 5362 9130 47

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Jamila Becton
C. Date of Delivery:

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Elmore v. City of Chicago, Bd. of Ed.
Civil Action: 1-15-CV-00224

Exh. # 1A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1
### Eastern Division

Annette Elmore

                          Plaintiff,

v.                                           Case No.: 1:15–cv–00224
                                                  Honorable Sara L. Ellis

City Of Chicago, et al.

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 28, 2016:

    MINUTE entry before the Honorable Sara L. Ellis: Plaintiff's motion and written request for entry of default judgment [17, 19] are denied. Plaintiff failed to effectuate service for the reasons stated in the Court's prior order of [Doc#9 6/23/2015]. Plaintiff's motions have not corrected the issues raised in the Court's prior order and the reasoning dismissing this case stands. No appearance required 1/19/17. This case remains terminated. Mailed notice(rj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.

Exh. #2

INTERDIST - TRANSF,KIM,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:15-cv-00224

Elmore v. City of Chicago et al
Assigned to: Honorable Sara L. Ellis
Case in other court: Illinois Central, 1:15-cv-01005
Cause: 42:1981 Job Discrimination (Race)

Date Filed: 01/06/2015
Date Terminated: 06/10/2015
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

### Plaintiff

**Annette Elmore**

represented by **Annette Elmore**
Apt. 400
3445 S. Rhodes Ave.
Chicago, IL 60616
312-593-8360
PRO SE

V.

### Defendant

**City Of Chicago**
*Board of Education and District #299 Officers*

### Defendant

**David Vitale**
*sued in his individual and official capacity, both severely and jointly*

### Defendant

**Barbara Byrd-Bennett**
*sued in her individual and official capacity, both severely and jointly*

### Defendant

**Rham Emanuel**
*sued in his individual and official capacity, both severely and jointly*



EXHIBIT #3

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2015 | 1 | COMPLAINT of Employment Discrimination against All Defendants (Filing fee $ 400.00 Receipt 14626022315), filed by Annette Elmore. (Attachments: # 1 Civil |

| Date | # | Entry |
|---|---|---|
| | | Cover Sheet)(RK, ilcd) (Additional attachment(s) added on 1/5/2015: # 2 Summons) (RK, ilcd). [Transferred from Illinois Central on 1/12/2015.] (Entered: 01/05/2015) |
| 01/05/2015 | | TEXT ONLY ORDER re: Transfer of Case. Plaintiff brings this suit against the City of Chicago, Board of Education, David Vitale, Barbara Byrd-Bennett (in their individual and official capacity as District #299 Officers (Chicago Public Schools)) and Rham Emanuel alleging Age and Race discrimination arising out of her layoff (termination) from the school district. (See ECF No. 1 at 7). Plaintiff is currently living in Chicago, Illinois (see ECF No. 1 at 5). In her Complaint, Plaintiff provides that "District court, this case is being re-opened in the U.S. District Court of Illinois, Central/Peoria division pursuant to Courts' subject-matter jurisdiction based on the federal question, in keeping with the courts['] power to render a judgment, and in the interest of justice." (ECF No. 1 at 11). However, Plaintiff does not allege any facts that demonstrate the Central District of Illinois is the proper forum. Indeed, all parties appear to be situated in the Northern District (Chicago) and the matter involves Plaintiff's employment (and termination) from the City of Chicago (Public Schools). Plaintiff attached a docket sheet of a previously litigated case involving her and the City of Chicago Board of Education filed in the Northern District of Illinois. (ECF No. 1 at 58). That case also involved employment discrimination. Id. That case was dismissed with prejudice for want of prosecution for Plaintiffs failure to comply with court orders. See Annette Elmore v. City of Chicago Board of Education, NDIL Case No. 12-7531. While that case may have some impact on this litigation, the Court finds, sua sponte, that the Northern District of Illinois is the proper forum for this case. The Clerk of the Court is directed to transfer this case to the Northern District of Illinois. Entered by Judge Michael M. Mihm on 1/5/2015. (MMM4, ilcd) [Transferred from Illinois Central on 1/12/2015.] (Entered: 01/05/2015) |
| 01/05/2015 | 2 | Summons Issued as to City of Chicago. (SW, ilcd) [Transferred from Illinois Central on 1/12/2015.] (Entered: 01/06/2015) |
| 01/12/2015 | 3 | RECEIVED from Illinois Central; Case Number 1:15-cv-01005. (Entered: 01/12/2015) |
| 01/12/2015 | 4 | MAILED Rule 83 Transfer In Letter to all parties of record. (meg, ) (Entered: 01/12/2015) |
| 05/28/2015 | 5 | MINUTE entry before the Honorable Sara L. Ellis: Pursuant to Federal Rule of Civil Procedure 4(m), the time to serve Defendants expired on May 5, 2015. Plaintiff has not filed proof of service to demonstrate that Defendants were served by this date. The Court gives Plaintiff until June 4, 2015 to file such proof of service. If Plaintiff does not file proof of service by June 4, 2015, the case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Mailed notice (rj, ) (Entered: 05/28/2015) |
| 06/10/2015 | 6 | MINUTE entry before the Honorable Sara L. Ellis: On May 28, 2015, the Court ordered Plaintiff to file proof of service by June 4, 2015 or risk dismissal of the suit. Doc. 5. Plaintiff has failed to comply with the Court's May 28, 2015 order. Accordingly, the Court dismisses the case without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Civil case terminated. Mailed notice (rj, ) (Entered: 06/10/2015) |